UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
DAVID DWAYNE BENEFIELD and
CYNTHIA SUE BENEFIELD,
    Debtors.                                     No. 11-10-11077 SA

**MEMORANDUM OPINION IN SUPPORT OF ORDER
GRANTING MOTION FOR DETERMINATION THAT STAY IS NOT IN EFFECT
PURSUANT TO 11 U.S.C. § 362(c)(4),and
DENYING AS MOOT MOTION FOR ORDER RETROACTIVELY ANNULLING
<u>AUTOMATIC STAY</u>**

     Before the Court are three motions and the objections thereto: the Motion for Determination that Stay is Not in Effect Pursuant to 11 U.S.C. § 362(c)(4) filed by Creditors Danny and Shirley Slaysman (doc 7) and the response thereto (doc 24) by Debtors Cynthia Sue Benefield and David Dwayne Benefield, Debtors' Emergency Motion to Declare the Automatic Stay in Effect or in the Alternative to Reinstate Automatic Stay Pursuant to Section 362(c)(4) (doc 8), and Creditors' Motion for Order Retroactively Annuling [sic] Automatic Stay (doc 11) and Debtors' response thereto (doc 26).  The Court will grant Creditors' Motion for Determination that the Stay is Not in Effect (doc 7) and deny Creditors' Motion for Stay Relief (doc 11) as moot.  The Court will address, and deny, Debtors' Emergency Motion to Declare the Stay in Effect or to Reinstate the Stay (doc 8) in a

Page 1 of 7

separate memorandum opinion and order.[1]

Debtors filed their voluntary chapter 11 petition on March 5, 2010 (doc 1), the first two motions were filed on March 10, and the stay relief motion on March 11.  At the March 30, 2010 preliminary hearing (minutes – doc 27), the Court ordered the parties to file simultaneous briefs, which they did on April 16 (docs 28 and 29 respectively).  The Court conducted the final hearing on the motions on April 22 and June 18, 2010 (combined minutes – doc 54).  At the conclusion of the final hearing, the Court took the matters under advisement.  These are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

**Background**

As is apparent from the nature of the motions, Debtors have been frequent bankruptcy filers.  Each of them filed several times in the District of Arizona.  Their odyssey through three bankruptcy filings in the District of New Mexico had its beginnings when they negotiated the purchase of their New Mexico Angus cattle operation from Mr. Slaysman.  The sale closed in December 2006, and the contract terms (Purchase Agreement – Farm and Ranch – ex 38) called for, among other things, monthly

---

[1] The reason for the bifurcation is that Creditors are entitled to the prompt issuance of a comfort order declaring the stay is not in effect. § 362(c)(4)(A)(ii).  Addressing fully the issue of the imposition of the stay pursuant to § 362(c)(4)(B) should not further delay the entry of the § 362(c)(4)(A)(ii) order.

interest-only payments of $1,650 for two years followed by a balloon payment for the remainder of the purchase price. From the testimony and the exhibits, the Court finds that an initial cooperative and friendly relationship between Creditors and Debtors gradually deteriorated into anger and hostility as Debtors failed to make timely payments and ended up blaming Creditors for their problems. In September 2008 Creditors filed a foreclosure action in the District Court for the Seventh Judicial District for Catron County, New Mexico, and had the complaint served on Debtors. Stipulated Order Resolving Slaysmans' Motion for Relief from Automatic Stay and Providing Adequate Protection for Slaysmans' Interest in Property (No. 12-08-14483, doc 45) at 2. Inexplicably Debtors did not respond to the complaint, and consequently on December 5, 2008 the state court entered a default judgment of foreclosure which also ordered the sale of the property. Id. Debtors filed a motion set aside the default judgment on December 19, id., but still found themselves faced with the distinct possibility of the imminent loss of the operation.[2]

    Unable to find a bankruptcy attorney to represent them, on December 31, 2008 Debtors filed a chapter 12 bankruptcy petition.

---

[2] Debtors were required to serve their motion for a (new) trial no later than ten days after the entry of the judgment. 1-059(B) NMRA.

In re David and Cynthia Benefield, No. 12-08-14483. After a somewhat winding and confusing procedural course, which included the entries of appearances by two different counsel for Debtors (one of whom withdrew early in the case), that case was dismissed on October 14, 2009 for Debtors' failure to timely file a plan of reorganization. Doc 87. In the oral findings of fact and conclusions of law upon which the ruling was predicated, this Court specifically found that Debtors had not acted in bad faith.

Debtors promptly refiled another chapter 12 case on November 12, 2009. In re David and Cynthia Benefield, No. 12-09-15173. Again they were unrepresented by counsel. Creditors promptly filed Slaysmans' Emergency Motion to Dismiss Debtors' Chapter 12 Bankruptcy Pursuant to 11 U.S.C. § 109 (doc 10), which came on for a final hearing on February 4, 2010, was continued on February 10, and concluded on February 11. The Court again recited findings of fact and conclusions of law orally on the record[3] and an order dismissing the chapter 12 case was entered February 12, 2010. The instant case promptly ensued three weeks later.

**Discussion**

---

[3] The Court ruled that Debtors (1) failed to filed their chapter 12 plan within 90 days of the filing of the petition, (2) failed to obtain the required credit and budget counseling prior to filing their petition, and (3) did not prove that they met the requirements to file as "family farmers".

The critical issue in this case is whether the automatic stay in this case, Debtors' third, should be imposed despite the dismissal of two previous cases within the preceding year (as requested by Debtors), or whether the Court should declare that the status quo is and will continue to be that there has been no automatic stay in effect from the outset of the case (as requested by Creditors). The relevant portion of the applicable statute is as follows:

> (4)(A)(I) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b),[4] the stay under subsection (a) shall not go into effect upon the filing of the later case; and
> (ii) ...;
> (B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;
> (C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect; and
> (D) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--
> (I) as to all creditors if--
> (I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;

---

[4] Sic. Cases are not "filed" under § 707(b).

Page 5 of 7

Case 10-11077-s7    Doc 66    Filed 08/20/10    Entered 08/20/10 15:48:26 Page 5 of 7

(II) a previous case under this title in
which the individual was a debtor was
dismissed within the time period stated in
this paragraph after the debtor failed to
file or amend the petition or other documents
as required by this title or the court
without substantial excuse (but mere
inadvertence or negligence shall not be
substantial excuse unless the dismissal was
caused by the negligence of the debtor's
attorney)...; or
(III) there has not been a substantial change
in the financial or personal affairs of the
debtor since the dismissal of the next most
previous case under this title, or any other
reason to conclude that the later case will
not[5] be concluded, if a case under chapter 7,
with a discharge, and if a case under chapter
11 or 13, with a confirmed plan that will be
fully performed; or
(ii) as to any creditor that commenced an action
under subsection (d) in a previous case in which
the individual was a debtor if, as of the date of
dismissal of such case, such action was still
pending or had been resolved by terminating,
conditioning, or limiting the stay as to such
action of such creditor.

Section 362(c)(4).

Summarizing the relevant portion of the statute in question, the stay does not come into effect automatically "if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed". Section 362(c)(4)(A)(I). In this case, the stay never came into effect due to the two previous cases dismissed within a year of the filing of this

---

[5] Sic. The extra "not" appears to produce a result precisely the opposite of what Congress intended.

case.  Section 362(c)(4)(A)(I) is unambiguous on this issue. Nelson v. George Wong Pension Trust (In re Nelson), 391 B.R. 437, 446-53 (9th Cir. BAP 2008) (citing cases).  To that extent, Creditors' motion must be granted, declaring that fact.[6]  § 362(c)(4)(A)(ii).

The Court will therefore issue an order declaring that the stay is not and has not been in effect in this case.

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  August 20, 2010

Copies to:

Cynthia Sue Benefield
HC 32 Box 216
Quemado, NM 87829

David Dwayne Benefield
HC 32 Box 216
Quemado, NM 87829

Christopher M Gatton
Attorney for Slaysman
Law Office of George Dave Giddens, PC
10400 Academy Rd., #350
Albuquerque, NM 87111

Alice Nystel Page
Office of US Trustee
PO Box 608
Albuquerque, NM 87103-0608

---

[6] Perforce Creditors' motion to annul the stay is moot.